Substances Act, 21 U.S.C. § 801 *et seq*.  This presumption is subject to rebuttal by Huls. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C).  The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption.  *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).  A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community.  *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence offered at the hearing gives the court serious concern about Huls's efforts to identify a confidential informant to Huls's associates, both before and after Huls was arrested on the current charges.  In addition, the Government's case against Huls appears to be quite strong and Huls has failed to offer any evidence to rebut the presumption that she would be a danger to the community.  The presumption arises from the charge itself – a serious drug charge involving the distribution of a significant quantity of methamphetamine.  *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)).

Therefore, although Huls has no criminal history to speak of, the court nevertheless finds the Government has proved by clear and convincing evidence that Huls would be a danger to the community if released.  Accordingly, the court finds the following: